NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **NIMITZ TECHNOLOGIES LLC,**
*Petitioner*

2023-103

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in Nos. 1:21-cv-01247-CFC, 1:21-cv-01362-CFC, 1:21-cv-01855-CFC, and 1:22-cv-00413-CFC, Chief Judge Colm F. Connolly.

**ON PETITION**

Before LOURIE, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Nimitz Technologies LLC ("Nimitz") petitions for a writ of mandamus directing the United States District Court for the District of Delaware to vacate its November 10, 2022, order directing Nimitz to turn over certain documents for the district court's inspection and to order an end to "the district court's judicial investigation of" Nimitz. Pet. at 27. We deny the petition.

I

A

Two standing orders of the district court, dating from April 2022, form the backdrop of the court's November 10, 2022, order.

One standing order requires that, in all cases assigned to Chief Judge Connolly "where a party is a nongovernmental joint venture, limited liability corporation, partnership, or limited liability partnership, . . . the party must include in its disclosure statement filed pursuant to Federal Rule of Civil Procedure 7.1 the name of every owner, member, and partner of the party, proceeding up the chain of ownership until the name of every individual and corporation with a direct or indirect interest in the party has been identified." Appx352.

A separate standing order requires that, in all cases assigned to Chief Judge Connolly "where a party has made arrangements to receive from a person or entity that is not a party (a 'Third-Party Funder') funding for some or all of the party's attorney fees and/or expenses to litigate this action on a non-recourse basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance," "the party receiving such funding shall file a statement . . . containing . . . a. [t]he identity . . . of the Third-Party Funder(s); b. [w]hether any Third-Party Funder's approval is necessary for litigation or settlement decisions in the action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval; and c. [a] brief description of the nature of the financial interest of the Third-Party Funder(s)." Appx353–54.

B

Case: 23-103    Document: 44    Page: 3    Filed: 12/08/2022

IN RE: NIMITZ TECHNOLOGIES LLC                                    3

In May 2022, in the cases that are the subject of the mandamus petition before us, the district court ordered Nimitz to certify compliance with the above-described standing orders. After Nimitz failed to timely respond, the district court ordered Nimitz to show cause why it should not be held in contempt. Two days later, Nimitz filed an amended disclosure statement identifying Mark Hall as the sole owner and LLC member of Nimitz and a statement representing that Nimitz "has not entered into any arrangement with a Third-Party Funder, as defined in the Court's Standing Order Regarding Third-Party Litigation Funding Arrangements." Appx357.

The district court thereafter became aware of information, initially from an exhibit in a separate case before it, indicating that an entity called IP Edge LLC was arranging assignments of patents to different LLCs that were plaintiffs in actions filed in the District Court for Delaware and that Mr. Hall seemed, from the email address given to the PTO, to have a connection with IP Edge. ECF No. 42-1 at 15–16, 28–29. The district court ordered Mr. Hall and Nimitz's counsel, George Pazuniak, to appear at a hearing. *See* Appx9. At that hearing, which took place on November 4, 2022, Nimitz's relationship with an entity called Mavexar (among other topics) was explored. Afterwards, on November 10, 2022, the court ordered the production of various documents, including communications and correspondence between (1) Mr. Hall, Mavexar, and IP Edge and (2) Mr. Pazuniak, Mavexar, and IP Edge, relating to, among other things, the formation of Nimitz, Nimitz's assets, Nimitz's potential scope of liability resulting from the acquisition of the patent, the settlement or potential settlement of the cases, and the prior evidentiary hearing. The court also asked for monthly bank statements held by Nimitz.

This petition followed, and we stayed production of the documents pending further action by this court. The district court subsequently issued a memorandum that,

4                                    IN RE: NIMITZ TECHNOLOGIES LLC

among other things, stated the concerns of the November 10, 2022, order:

> The records sought are all manifestly relevant to addressing the concerns I raised during the November 4 hearing. Lest there be any doubt, those concerns are: Did counsel comply with the Rules of Professional Conduct? Did counsel and Nimitz comply with the orders of this Court? Are there real parties in interest other than Nimitz, such as Mavexar and IP Edge, that have been hidden from the Court and the defendants? Have those real parties in interest perpetrated a fraud on the court by fraudulently conveying to a shell LLC the [patent-in-suit] and filing a fictitious patent assignment with the [United States Patent and Trademark Office] designed to shield those parties from the potential liability they would otherwise face in asserting the . . . patent in litigation?

ECF No. 42-1 at 77–78.

## II

"As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue": the petitioner must show (1) there is "no other adequate means to attain the relief he desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Nimitz's petition has not shown entitlement to the "drastic and extraordinary remedy" of a writ of mandamus. *Id.* at 380 (internal quotation marks and citation omitted).

Nimitz contends that the district court's November 10, 2022, order would force it to turn over "highly confidential litigation-related information, including materials protected by the attorney client privilege and

work-product immunity." Pet. at 1. The district court, however, has made clear that its order "does not require Nimitz to docket these records or otherwise make them public" and is "free to submit and to publicly file at the time of its production of the records in question an assertion that the records are covered by the attorney-client privilege and/or work product doctrine and a request that for that reason (and perhaps other reasons) the Court maintain the records under seal." ECF No. 42-1 at 77. Under such circumstances, Nimitz has not shown that mandamus is its only recourse to protect privileged materials. Nor has Nimitz shown a clear right to preclude *in camera* inspection under these circumstances.

Nimitz makes clear that it is "not ask[ing] th[is] Court to reverse either Standing Order." Reply at 14. And it is clear that a direct challenge to those standing orders at this juncture would be premature, as Nimitz has not yet been found to violate those orders and will have alternative adequate means to raise such challenges if, and when, such violations are found to occur. While Nimitz asks the court to terminate the district court's inquiry under the standing orders, it has not shown a "clear and indisputable" right to such relief. *Cheney*, 542 U.S. at 381 (citation omitted).

The district court identified four concerns as the basis for its information demand. All are related to potential legal issues in the case, subject to the "principle of party presentation," *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (discussing the principle and its limits), or to aspects of proper practice before the court, over which district courts have a range of authority preserved by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 83(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The district court did not seek information simply in order to serve an interest in public awareness, independent of the adjudicatory and court-functioning interests reflected in the stated concerns. In denying mandamus, we express

no view on whether there has been any violation of the particular legal standards that correspond to the concerns recited by the district court or, if so, what remedies (*e.g.*, against Nimitz, its counsel, or others) would be appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition is denied, and the stay is lifted.

FOR THE COURT

December 8, 2022                /s/ Peter R. Marksteiner
       Date                       Peter R. Marksteiner
                                  Clerk of Court