**Docket No. 23-103**

# United States Court of Appeals for the Federal Circuit

IN RE NIMITZ TECHNOLOGIES LLC,

*Petitioner.*

*On Petition for Writ of Mandamus to the United States District Court for the District of Delaware, Nos. Civ. No. 21-1247-CFC, Civ. No. 21-1362-CFC, Civ. No. 21-1855-CFC, Civ. No. 22-413-CFC, Hon. Colm F. Connolly*

## NIMITZ TECHNOLOGIES LLC'S MOTION TO STAY MANDATE

Pursuant to Federal Circuit Rules 41(d), Petitioner Nimitz Technologies LLC ("Nimitz") hereby moves the Court to stay issuing the mandate in the above-captioned case pending the filing of a petition for mandamus and/or writ of certiorari in the United States Supreme Court.

In accordance with Rule 41(d)(1), Nimitz states that the issues to be presented to the Supreme Court present a substantial question and that there is good cause for a stay. Specifically, by denying Nimitz' Petition for rehearing and rehearing *en banc*, the Court required Nimitz disclose communications that are protected by the attorney-client privilege to an adversary without any suggestion, much less finding, that any exception to the attorney-client privilege applies in this

case. The disclosure is not for the purpose of determining whether privilege applies, but for purposes of using the attorney client communications in an investigation of Nimitz.

At least the following Supreme Court cases uphold the attorney client privilege and preclude the disclosure of privileged communications to the district court, which is the adversary in this case, and further preclude utilizing the privileged communications without a preliminary finding of an exception to the attorney client privilege. The cases are: *United States v. Zolin*, 491 U.S. 554 (1989); *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169 (2011); *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); and *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998).

Thus, Nimitz is raising a substantial question, and, indeed, raising an issue which has never been addressed by any court.

There is also good cause for a stay. If the mandate is not stayed, Nimitz would be required to disclose its privileged communications. That disclosure is permanent and cannot thereafter be ameliorated, and, thus, Nimitz will have lost its right to the attorney client privilege without any showing, much less finding, of any exception to the attorney client privilege.

                                                Respectfully Submitted,

February 2, 2023                    /s/ George Pazuniak
                                    GEORGE PAZUNIAK
                                    O'KELLY & O'ROURKE, LLC
                                    824 North Market Street, Suite 1001A
                                    Wilmington, DE 19801
                                    D: (207) 359-8576
                                    gp@del-iplaw.com

                                    *Attorneys for Nimitz Technologies LLC.*

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, Counsel for the Petitioner Nimitz Technologies LLC ("Nimitz") certifies the following:

1. The full name of every party or *amicus* represented by me is:

   Petitioner Nimitz Technologies LLC

2. The name of the real party in interest represented by me is:

   Not applicable.

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the party or *amicus* represented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   Raymond W. Mort, III, The Mort Law Firm, Pllc, 501 Congress Ave. Suite 150, Austin, Texas · 78701

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

   (all cases pending in the District of Delaware)

| | |
|---|---|
| Backertop Licensing LLC v. August Home, Inc. | 1:22-cv-00573-CFC |
| Backertop Licensing LLC v. Canary Connect, Inc | 1:22-cv-0572-CFC |
| Lamplight Licensing LLC v ABB, Inc., | 1:22-cv-0418-CFC |
| Lamplight Licensing LLC v Ingam Micro, Inc., | 1:22-cv-1017-CFC |
| Mellaconic IP, LLC v. Timeclock Plus, LLC | 1:22-cv-0244-CFC |
| Mellaconic IP, LLC v. Deputy, Inc. | 1:22-cv-0541-CFC |

| | |
|---|---|
| Creekview IP LLC v. Skullcandy Inc. | 1:22-cv-00427-CFC |
| Creekview IP LLC v. Jabra Corp. | 1:22-cv-00426-CFC |
| Swirlate IP LLC v. Quantela, Inc. | 1:22-cv-00235-CFC |
| Swirlate IP LLC v. Lantronix, Inc. | 1:22-cv-00249-CFC |
| Waverly Licensing LLC v. AT&T Mobility LLC | 1:22-cv-00420-CFC |
| Waverly Licensing LLC v. Granite River Labs Inc. | 1:22-cv-00422-CFC |

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

    None.

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-2062

**Short Case Caption:** Stragent, LLC v BMW of North America, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __214__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/30/2023

Signature: /s/ George Pazuniak

Name: George Pazuniak